J-S24015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ERIC MOSHER | : | |
| | : | |
| Appellant | : | No. 73 EDA 2020 |

Appeal from the Judgment of Sentence Entered November 7, 2019
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000067-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ERIC MOSHER | : | |
| | : | |
| Appellant | : | No. 177 EDA 2020 |

Appeal from the Judgment of Sentence Entered November 7, 2019
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000096-2019

BEFORE:   BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JULY 08, 2020**

In these consolidated cases,[1] Appellant, Eric Mosher, appeals from the

aggregate judgment of sentence of 80 to 276 months' incarceration, imposed

after he pled guilty, in two separate cases, to corruption of minors, indecent

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] This Court *sua sponte* consolidated these appeals by *per curiam* order
entered February 13, 2020.

assault, and related offenses. Appellant solely challenges the discretionary aspects of his sentence. We affirm.

Briefly, in case CP-64-CR-0000067-2019 (hereinafter "case 67-2019"), Appellant pled guilty to corruption of minors and indecent assault based on evidence that he had sexually abused his daughter multiple times when she was between the ages of 11 and 12 years old, including penetrating her anus with his penis and performing cunnilingus on her. At CP-64-CR-0000096-2019 (hereinafter "case 96-2019"), Appellant pled guilty to corruption of minors, dissemination of explicit sexual images, and criminal use of a communication facility based on evidence that he had sent a 13-year-old female pictures of his penis, as well as pornographic images of men and women having sex.

On November 7, 2019, the court sentenced Appellant in both cases to an aggregate term of 80 to 276 months' incarceration. On November 18, 2019, Appellant filed a timely, post-sentence motion at both docket numbers. On November 22, 2019, the court issued an order in each case denying Appellant's motion. On December 20, 2019, Appellant filed a timely notice of appeal in case 67-2019, but he did not file an appeal in case 96-2019. For some reason, on December 27, 2019, the court issued a second order denying Appellant's post-sentence motion in case 96-2019. Appellant then filed an appeal in that case on January 2, 2020. Appellant subsequently complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors

complained of on appeal, and the trial court filed a Rule 1925(a) opinion on March 2, 2020.

In the meantime, on February 3, 2020, this Court issued a rule to show cause why Appellant's appeal in case 96-2019 should not be quashed as untimely. Appellant responded, claiming that the trial court did not issue an order denying his post-sentence motion in case 96-2019 until December 27, 2019. He attached a copy of that order to his response, as well as a copy of the November 22, 2019 order denying his motion in case 67-2019. On February 12, 2020, this Court discharged the rule to show cause order and referred the issue to the present panel.

We now conclude that quashal is inappropriate in case 96-2019. While the record indicates that on November 22, 2019, the court issued an order denying Appellant's post-sentence motion in case 96-2019, that order did not inform Appellant that he had 30 days within which to file an appeal. *See* Pa.R.Crim.P. 720(B)(4)(a) ("An order denying a post-sentence motion, whether issued by the judge pursuant to paragraph (B)(3)(d) or entered by the clerk of courts pursuant to paragraph (B)(3)(c), … *shall* include notice to the defendant of the following: (a) the right to appeal and the time limits within which the appeal must be filed[.]") (emphasis added). This error by the court was compounded by its filing a second order on December 27, 2019, which again denied Appellant's post-sentence motion. In light of these trial court errors, which amount to a breakdown in the operation of the court, we excuse the untimeliness of Appellant's notice of appeal in case 96-2019. *See*

*Commonwealth v. Patterson*, 940 A.2d 493, 498-99 (Pa. Super. 2007) (concluding that the trial court's failure to advise the defendant of the deadline for filing an appeal constituted a breakdown in the operation of the court that excused the untimely filing of his appeal).

Herein, Appellant states one issue for our review: "Whether the sentence imposed by the [t]rial [c]ourt was excessive and utterly harsh and oppressive and based on impermissible factors and constituted an abuse of discretion?" Appellant's Brief at 8 (emphasis omitted).

Appellant's issue challenges the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, … 909 A.2d 303 ([Pa.] 2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, … 831 A.2d 599 ([Pa.] 2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question

- 4 -

exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912–13.

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant has included a Rule 2119(f) statement in his appellate brief. Therein, he states pertinent facts about his case and sentencing. *See* Appellant's Brief at 14. Then, in regard to how the court purportedly erred in fashioning his term of incarceration, he sets forth only the following two sentences:

> The [t]rial [c]ourt abused its discretion in the sentence imposed. [Appellant] complained of the excessiveness and harshness of the sentences in his [m]otion for [p]ost-[s]entence [r]elief.

*Id.* We conclude that Appellant's bald claim of excessiveness fails to demonstrate a substantial question for our review. *See Commonwealth v. Zeigler*, 112 A.3d 656, 662 (Pa. Super. 2015) ("Generally, a bald excessiveness claim does not raise a substantial question.") (citation omitted).

Nevertheless, even had Appellant raised a substantial question, we would deny him relief. In the Argument section of his brief, Appellant concedes that the charges against him were "despicable," yet he again only baldly complains that his sentence is "highly excessive." Appellant's Brief at 17. Appellant then briefly mentions that the court imposed aggravated-range sentences based, in part, on the fact that he committed a bail violation by attempting to contact his daughter, the victim. *Id.* at 18-19. According to

Appellant, "[w]hether that was an actual violation of his bail was never fully adjudicated." *Id.* at 19.

Appellant's undeveloped arguments are insufficient to demonstrate an abuse of discretion by the trial court. Initially, he does not point to where in the record of his sentencing hearing he challenged the court's characterization of his attempt to contact his daughter as a violation of his bail conditions. Indeed, Appellant's counsel seemed to concede that Appellant's actions violated the terms of his bail. *See* N.T., 11/7/19, at 30 (defense counsel's stating that Appellant's attempt to contact his daughter "was a violation of his bail"). Accordingly, Appellant's suggestion that the court relied on an improper factor in aggravating his sentences is meritless. Thus, even had Appellant presented a substantial question for our review, we would conclude that he is not entitled to sentencing relief.

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 7/8/2020*

- 6 -